IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEONARDO ESTEPAR et al.,

Plaintiffs,

v.

HOSPITAL METROPOLITANO et al.,

Defendants.

**CIVIL NO. 03-1538 (DRD)**

## REPORT AND RECOMMENDATION

## INTRODUCTION

On February 20, 2004, plaintiffs Leonardo Estépar and María García, for themselves and on behalf of their sons Henry Estépar-García and William Estépar-García filed the above captioned action against Hospital Metropolitano[1], Dr. Margarita Pacheco, Dr. Francisco Pérez de León[2], and Pediatric Emergency Services Inc. ("PESI"), as employer of Dr. Pérez de León, alleging that this Court has jurisdiction under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), Title 42, United States Code, Section 1395 *et seq.* In addition, plaintiffs included a medical malpractice claim pursuant to Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, under supplemental jurisdiction. (Docket No. 14).

---

[1] On September 11, 2003, default was entered against Hospital Metropolitano. (Docket No. 7). On August 19, 2005, a Motion to Set Aside Default was filed by Hospital Metropolitano. (Docket No. 44). On December 10, 2005, the Court set aside the entry of default against co-defendant Hospital Metropolitano. (Docket No. 47). On December 20, 2005, Hospital Metropolitano filed its Answer to the Amended Complaint. (Docket No. 51).

[2] Plaintiffs requested the voluntary dismissal with prejudice of Dr. Pérez de León. (Docket No. 31). On June 8, 2005, the court granted the motion for voluntary dismissal and dismissed all claims against co-defendant Dr. Pérez de León with prejudice. (Docket No. 33). Partial Judgment was entered accordingly. (Docket No. 34).

Leonardo Estepar, et al v. Hospital Metropolitano et al
Civil No. 03-1538 (DRD)
Report and Recommendation
Page 2

In essence, plaintiffs claim that the co-defendants violated EMTALA because they refused to treat minor Henry Estépar-García, discharged him having an emergency condition, refused to stabilize the patient and transferred him to the University of Puerto Rico Pediatric Hospital without the assistance of a physician and without the medical record and appropriate transfer documents.  Plaintiffs claim Henry developed a perforated appendicitis, suffered a more complicated surgery and was at risk of death do to the perforated appendicitis.  Plaintiffs seek $350,000.00 for the physical and emotional damages suffered by Henry, $200,000.00 for each of the parents, and $100,000.00 for Henry's brother. (Docket No. 14, ¶¶ 19-22 and 28-30).

Discovery in this case was limited to the EMTALA claim for the Court to assert jurisdiction.  (Docket No. 29).

On June 8, 2005, a Joint Motion for Summary Judgment was filed by Dr. Pacheco and PESI claiming that plaintiffs have failed to establish a claim under EMTALA because the co-defendants gave plaintiff Henry Estépar-García an appropriate medical screening with a suspected diagnosis.  Dr. Pacheco and PESI aver that, since specialists were needed to reach a definite diagnosis and no specialists were available at Hospital Metropolitano, the patient was properly transferred in a stable condition to the University of Puerto Rico Pediatric Hospital. Thus, they request that the EMTALA claim be dismissed under Federal Rule of Civil Procedure 56.  In addition, Dr. Pacheco and PESI move the Court to dismiss the state medical malpractice claim under supplemental jurisdiction because there is no valid EMTALA federal claim.  (Docket No. 35).  A Statement of Uncontested Facts in support of the Joint Motion for Summary

Judgment and a Memorandum of Law in support thereof were also filed.  (Docket No. 35, Exhibit 1 and 2).

On July 28, 2005, plaintiffs filed their Opposition to the Joint Motion for Summary Judgment claiming the co-defendants failed to properly screen the patient in accordance with the parameters of EMTALA and also violated the "stabilization" requirements.  Thus, plaintiffs contend this Court has jurisdiction to entertain their cause of action.  (Docket No. 40).

On August 8, 2005, co-defendants Dr. Pacheco and PESI filed a Reply to the Opposition claiming plaintiffs failed to comply with former Local Rule 311.12 (current Local Rule 56) inasmuch plaintiffs failed to file a separate statement of disputed facts.  Thus, Dr. Pacheco and PESI move the Court to consider their Statement of Uncontested Facts in support of their Joint Motion for Summary Judgment as unopposed and the facts therein admitted by plaintiffs. (Docket No. 42).

On November 16, 2005, the Joint Motion for Summary Judgment and related pleadings were referred to this United States Magistrate Judge for report and recommendation.  (Docket No. 45 and 46).

Even though co-defendants Dr. Pacheco and PESI filed a Joint Motion for Summary Judgment, which will require the Court to consider the merits of the claim and matters outside the pleadings, we find that plaintiffs' claims under EMTALA against co-defendants Dr. Pacheco and PESI should be dismissed as a matter of law for failure to state a claim under Fed.R.Civ.P.

Leonardo Estepar, et al v. Hospital Metropolitano et al
Civil No. 03-1538 (DRD)
Report and Recommendation
Page 4

12(b)(6). Accordingly, we will consider the Joint Motion for Summary Judgment (Docket No. 35) as a Motion to Dismiss without a need of discussing the EMTALA allegations on the merits.[3]

## MOTION TO DISMISS AND STANDARD UNDER RULE 12(B)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Still, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991).

The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

---

[3] The merits of the EMTALA claim should be addressed by the Court in due time if Hospital Metropolitano (which recently answered the Amended Complaint) eventually files a Motion for Summary Judgment claiming that plaintiffs have failed to prove their EMTALA claim.

Leonardo Estepar, et al v. Hospital Metropolitano et al
Civil No. 03-1538 (DRD)
Report and Recommendation
Page 5

Indeed, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." González-Pérez v. Hospital Interamericano De Medicina Avanzada, 355 F.3d 1, 5 (1st Cir .2004).

## ANALYSIS

### I.    EMTALA Jurisdiction over Dr. Pacheco and PESI.

In their request for brevis disposition, Dr. Pacheco and PESI (a domestic corporation who was the employer of Dr. Pérez de León; Docket No. 14, ¶¶ 6 and 26) argue that this Court lacks subject matter jurisdiction based upon EMTALA. (Docket No. 35). We agree but, under a strict matter of law, and for different grounds than those argued by the co-defendants on the merits. We explain.

It is clear that only participating hospitals, as defined by the statute, may be sued under the EMTALA. 42 U.S.C.A. § 1395dd. For private rights of action, EMTALA limits its scope to participating hospitals. *See* 42 U.S.C.A. § 1395dd(d)(2)(A); Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1256 (9th Cir. 1995); Delaney v. Cade, 986 F.2d 387, 393-94 (10th Cir. 1993); Baber v. Hospital Corp. of America, 977 F.2d 872, 877-78 (4th Cir. 1992); Fisher by Fisher v. New York Health and Hospitals, 989 F.Supp. 444, 448 (E.D.N.Y.1998) (citing legislative history).

A participating hospital is one that has executed a Medicare provider agreement with the federal government. 42 U.S.C.A. § 1395dd(e)(2); López-Soto v. Hawayek, 175 F.3d 170, 172 (1st Cir. 1999).

EMTALA provides a private cause of action for damages against "participating hospitals" who violate the Act's requirements. *See* 42 U.S.C. § 1395dd(d)(2)(A) ("Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.").

The statute does not create a "general federal cause of action for medical malpractice," however, nor is it "a substitute for state-law malpractice actions." Hunt ex. rel. Hunt v. Lincoln County Mem'l Hosp., 317 F.3d 891, 894 (8th Cir. 2003).

Thus, EMTALA does not provide a private cause of action against physicians or physicians' medical corporations or employer professional associations.   Eberhardt, 62 F.3d at 1255-57; King v. Ahrens, 16 F.3d 265, 271 (8th Cir. 1994); Baber, 977 F.2d at 877-78; Gatewood v. Washington Healthcare Corp., 933 F.2d 1037, 1040 n. 1 (D.C. Cir.1991); Delaney, 986 F.2d at 387.

Thus, although the First Circuit Court of Appeals has yet to resolve this controversy, the mentioned sister circuits have uniformly decided the issue handily rejecting a cause of action against physicians under EMTALA. *Id.*

Furthermore, as recognized by this District in Millán v. Hospital San Pablo, 389 F.Supp. 2d 224, 235 (D. Puerto Rico 2005), the statute's legislative history makes it clear that, far from intending to allow patients to sue doctors, Congress intentionally limited patients to suits against hospitals.   *See* Baber, 977 F.2d at 877.   Accordingly, to the extent that a plaintiff has attempted to state an EMTALA claim against the physicians, no such claim exists because the statute provides an action for personal injury damages only against a hospital. *Id.; see* Gerber v. Northwest Hosp. Ctr., Inc., 943 F.Supp. 571, 575-76 (D.Md.1996); Reynolds v. Mercy Hosp., 861 F.Supp. 214, 220-21 (W.D.N.Y.1994); Ballachino v. Anders, 811 F.Supp. 121, 123 (W.D.N.Y. 1993).

Thus, this particular district has upheld said analysis holding that EMTALA does not provide a private cause of action against individual physicians or against physicians' medical corporations. *See*   Millán, 389 F.Supp.2d at 235; Feliciano Rivera v. Medical & Geriatric Administrative Services, Inc., 254 F.Supp.2d 237, 240 (D. Puerto Rico 2003); Socia-Lebrón v. Ashford Prebysterian Community Hospital, 995 F.Supp. 241 (D. Puerto Rico 1998) (including compendium of cases);   Medero Díaz v. Grupo De Empresas De Salud, 112 F.Supp.2d 222, 225 (D. Puerto Rico 2000); Alvarez Torres v. Hospital Ryder Memorial, Inc., 308 F.Supp.2d 38, 40 (D. Puerto Rico 2004).

As to corporations in particular, it has been held that a corporation providing administrative, purchasing, and managerial services to a hospital is not a "hospital" under

EMTALA.  Jackson v. East Bay Hosp., 246 F.3d 1248, 1260 (9th Cir. 2001);  Burrows v. Redbud Community Hosp., 34 Fed.Appx. 363, 366 (9th Cir. 2002).

Turning to this case and taking the facts of the Amended Complaint as true, Dr.  Pacheco and Dr. Pérez de León were physicians duly licensed under the laws of the Commonwealth of Puerto Rico to practice medicine and, at the time the facts of this case occurred, they were employees or had medical privileges to practice at the Emergency Room of Hospital Metropolitano.  (Docket No. 14, ¶¶ 5 and 23).

In addition, PESI is a local domestic corporation registered at the State Department and was the employer of Dr. Pérez de León at the time of the facts alleged in the Amended Complaint.  PESI is not a hospital.   (Docket No. 14, ¶¶ 4, 6 and 26).

Accordingly, to the extent that plaintiffs have attempted to state an EMTALA claim against Dr. Pacheco and PESI, no such claim exists because the statute provides an action for personal injury damages only against a hospital.  See Baber, 977 F.2d at 877.

Based on the prevailing case law, it is recommended that co-defendants Dr. Pacheco and PESI's motions to dismiss the federal claim under EMTALA (Docket No. 35) be GRANTED.

## II.     Pendent State Claims.

Co-defendants request that, upon the dismissal of plaintiffs' federal claims against them, any supplemental claims under state law should be dismissed.

Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction.  United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138  (1966); Confederación Laborista De Puerto Rico v. Cervecería India, Inc., 607 F.Supp. 1077, 1081 (D. Puerto Rico 1985).

In Gibbs, 383 U.S. at 726, the Supreme Court ruled that a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.  *See* Martínez v. Colón, 54 F.3d 980, 990 (1st  Cir. 1995).

The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d249, 257 (1st Cir. 1996); Rodríguez v. Doral Mortage Corp, 57 F.3d 1168, 1177 (1st Cir. 1995).

Accordingly, although there is no cause of action under EMTALA against the herein physician Dr. Pacheco and/or a corporation PESI, the Court has supplemental "pendent party jurisdiction" because there exists a common nucleus of operative facts between the potential state cause of action against the defendant physician and corporation, and the still pending federal claim against the remaining co-defendant Hospital Metropolitano.

Thus, it is recommended to the Court to exercise pendent jurisdiction as to plaintiffs' Commonwealth claims under Article 1802 against the co-defendants Dr. Pacheco and PESI.[4] See Millán, 389 F.Supp.2d at 237; Alvarez-Torres v. Hospital Ryder Memorial, 308 F.Supp. 2d 38, 41(D. Puerto Rico 2004).

## CONCLUSION

In view of the foregoing, it is recommended that the Joint Motion for Summary Judgment (Docket No. 35), herein considered as a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), be GRANTED IN PART--as to the federal EMTALA claims--and DENIED IN PART--as to the state claims for medical malpractice under Article 1802. Hence, all EMTALA federal claims against co-defendant Dr. Pacheco and co-defendant PESI should be DISMISSED WITH PREJUDICE.

---

[4] We note the uncontested facts as stated in co-defendant Dr. Pacheco and PESI's Statement of Uncontested facts in support of their Joint Motion for Summary Judgment should be deemed uncontested and admitted because plaintiffs totally failed to comply with Local Rule 56 (former Local Rule 311.12). Alsina-Ortiz v. Labou, 400 F.3d 77, 80 (1st Cir. 2005); Cosme-Rosado v. Serrano-Rodríquez, 360 F.3d 42, 46 (1st Cir. 2004); Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 32-35 (1st Cir. 2001). If those facts were to be deemed admitted, it is doubtful that plaintiffs' EMTALA claim will survive a future motion for summary judgment by Hospital Metropolitano, the only remaining co-defendant granting federal jurisdiction in this case.

Leonardo Estepar, et al v. Hospital Metropolitano et al
Civil No. 03-1538 (DRD)
Report and Recommendation
Page 11

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation.

Failure to file same within the specified time waives the right to appeal this order.  Henley

Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792

F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial

hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 26th day of January of 2006.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE