**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**LEONARDO ESTEPAR, et al.,
Plaintiffs,**

v.  CIVIL NO: 03-1538 (DRD)

**METROPOLITANO HOSPITAL,
et al.,
Defendants.**

**OPINION AND ORDER**

Pending before the Court is the co-defendants, Dr. Margarita M. Pacheco, and Pediatric Emergency Services, Inc. (PESI) *Joint Motion for Summary Judgment* (Docket No. 35) moving the Court to dismiss plaintiffs' claims due to lack of federal subject matter jurisdiction under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §§1395dd *et seq.*[1] On November 14, 2005, the undersigned referred the instant case to the Magistrate Judges for a Report and Recommendation (R&R) on the instant issue (Docket No. 45).

On November 14, 2005, the Clerk of Court, through the random drawing assignment system, assigned Magistrate Judge Camille Velez-Rive for such R&R (Docket No. 46). Magistrate Judge Velez-Rive issued her R&R on January 26, 2006 (Docket No. 52) recommending that defendant's motion for summary judgment be converted and reviewed under the standard of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Furthermore and examining the merits of co-defendants request for dismissal, the Magistrate Judge concluded that the motion to dismiss should be granted as to plaintiffs' EMTALA claims, and should be denied as to plaintiffs' state law claims pursuant to supplemental jurisdiction. Objections

---

[1] The Court notes that on December 10, 2005, the Court granted co-defendant Metrohealth, Inc., d/b/a Hospital Metropolitano's *Motion Requesting Default Entered Against "Hospital Metropolitano" be Set Aside [vacated] and Joining Motion for Summary Judgment Filed by Dr. Margarita Pacheco and Pediatric Emergency Services, Inc.*(Docket No. 44). Further, the Court notes that although Hospital Metropolitano's request for joinder was granted (Docket No. 47) the Magistrate Judge's R&R recognized the default being set aside but overlooked that the undersigned had also granted the petition moving to be joined in the dispositive motion. The Court speculates that the Magistrate Judge inadvertently missed the summary judgment precisely because the motion of Hospital Metropolitano, a "participating hospital", in joining the physicians' motion for summary judgment did not set forth the facts sufficiently clear as to the hospital, causing the Magistrate to miss the brevis disposition request of Hospital Metropolitano. *See* discussion *infra* in the text of the Opinion and Order. Consequently, the EMTALA issue, which according to the R&R should have been pellucidly addressed by Hospital Metropolitano, was not addressed by the Magistrate Judge on the merits.

to the Magistrate Judge's R&R were timely filed by all instant parties at Docket Nos. 53, 54, 55, and 58.[2] After considering all objections filed by the appearing parties, and reviewing *de novo* the R&R, the Court determines that co-defendants' motion for summary judgment (Docket No. 35) should be **GRANTED in part**.

It is settled law that the District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED.R.CIV. P. 72(b); Local Civil Rule 72(a), District of Puerto Rico. *See Mathews v. Weber*, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Local Civil Rule 72(d); FED.R.CIV. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

*See* 28 U.S.C. § 636(b)(1).

However, pursuant to FED.R.CIV. P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d

---

[2] Objections were filed by Metrohealth, Inc., d/b/a Hospital Metropolitano (Docket No. 53); Pediatric Emergency Services, Inc. (PESI) (Docket No. 54); Dr. Margarita Pacheco (Docket No. 55); and plaintiffs (Docket No. 58).

4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). *See generally United States v. Valencia*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980). Provided plaintiffs and co-defendants have objected to all the determinations addressed by the Magistrate, the Court shall make a *de novo* determination of the R & R.

The facts as averred in the Amended Complaint state that on May 20, 2002, minor plaintiff Henry Estepar-Garcia was taken by his parents to the Hospital Metropolitano's emergency room complaining of right abdominal pain, right leg pain, and fever. Forty-five (45) minutes after plaintiff's arrival, co-defendant Dr. Francisco Perez-De Leon examined plaintiff and diagnosed minor plaintiff as suffering a virus and ordered various lab analysis.[3] Further analysis were performed on the minor plaintiff such as chest X-Rays and two (2) abdominal sonograms. However, plaintiffs assert that the sonogram equipment was in poor condition and that the technician who attempted to repair could not assure its proper function. Minor plaintiff was diagnosed with *hydrofrenosis* in his right kidney. The medical personnel taking care of minor plaintiff informed his parents that at the medical facility they lacked the proper medical specialist to treat the diagnosed condition hence it was necessary to transfer the patient to the Pediatric Hospital at Centro Medico.

Plaintiffs sustain that co-defendant, Hospital Metropolitano failed to provide the adequate medical care to assure that no "material deterioration" to the patient's condition would occur. Further, plaintiffs affirm that Hospital Metropolitano opted to transfer the minor plaintiff without the medical record, the proper transfer documentation and without the assistance of a physician. Specifically, plaintiffs allege that the doctor in charge of the patient denied minor plaintiff parents' request to provide the medical record, the X-Rays and the sonongrams. Finally, minor plaintiff was subjected to a surgical procedure for a perforated appendicitis.

Accordingly, plaintiff charge co-defendants with dumping minor plaintiff from their medical facilities. Plaintiffs aver a cause of action under EMTALA in dumping and discharging the minor plaintiff while he was suffering an emergency condition; based on the Hospital's refusal to stabilize the patient's condition, and from the "unlawful" transfer without the proper documentation and medical personnel as required under EMTALA. In the alternative, plaintiffs allege that Hospital Metropolitano's Emergency Room personnel failed to incorrectly assess and/or diagnose and/or

---

[3] Specifically, co-defendant ordered a CBC and a urinalysis.

appropriately screen minor plaintiff hence failing to comply with EMTALA as to performing a proper screening of the minor. Finally, plaintiffs claims damages under supplemental jurisdiction based on local medical malpractice standards.

Co-defendants Dr. Margarita Pacheco, and Pediatric Emergency Services, Inc.,[4] moved for summary judgment sustaining that plaintiffs have failed to establish an EMTALA claim because the minor plaintiff received appropriate medical screening resulting in an initial medical diagnosis. Further, plaintiffs sustain that minor plaintiff was appropriately transferred under stable conditions to Hospital Pediatrico because specialists, not available at Hospital Metropolitano, were needed in order to reach a final diagnosis. Finally, since co-defendants affirm that plaintiffs have failed to establish a claim under federal jurisdiction, co-defendants move for the dismissal of plaintiffs' supplemental claims.

In its R&R the Magistrate Judge concluded that defendants' motion for summary judgment was to be entertained as a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), Fed.R.Civ.P. Accordingly, the Magistrate Judge recommended that plaintiffs' EMTALA claims be dismissed against co-defendants Dr. Margarita Pacheco and PESI because the statute only provides personal injury causes of action against the medical facility and not against the individual medical personnel. Further, the Magistrate Judge determined that the merits of the EMTALA claim should be addressed afterwards should Hospital Metropolitano file a motion for summary judgment.[5] Finally, the Magistrate Judge decided to exert pendent party jurisdiction over Dr. Margarita Pacheco and PESI because in her opinion, there is a common nucleus of operative facts between the local law cause of action and the EMTALA claim against Hospital Metropolitano.

Plaintiffs' objections to the R&R are grounded on the allege failure to address the real issue of whether Hospital Metropolitano through its personnel, violated EMTALA provisions for their failure to transfer the minor plaintiff to another medical facility without a complete medical record. Plaintiffs sustain that co-defendant failed to provide X-Rays and sonogram analysis available at the

---

[4] On December 10, 2005, at Docket No. 47, Hospital Metropolitano was granted Leave to join co-defendants Dr. Margarita Pacheco and PESI's motion for summary judgment. Perhaps the Court should have made clear to the Hospital that under EMTALA, for coverage purposes, a physician and a hospital are jurisdictionally not in privy. (*See* discussion *infra*.)

[5] The Court notes that although Hospital Metropolitano was granted Leave to join the instant dispositive motion, the Magistrate Judge did not rule upon Hospital Metropolitano's request to dismiss the EMTALA claim.

time of transfer.  Furthermore, plaintiffs aver that at the time of transfer minor plaintiff's condition was not stable rather, he was in a septic condition, and according to the lab results performed, in a very dangerous condition.  Provided that none of the instant parties have objected to the Magistrate Judge's reasoning to review the instant motion for summary judgment as a motion to dismiss under Rule 12(b)(6), the Court **ADOPTS in part** the Magistrate Judge's determination and proceeds to review the instant motion under the standard adopted.[6]

      The Court agrees with the conclusion reached by the Magistrate Judge as to the dismissal of plaintiffs' EMTALA claims against Dr. Margarita Pacheco and PESI.  It is now solidly grounded that the Emergency Medical Treatment and Active Labor Act (EMTALA) was enacted in response of the increasing number of reports that hospital emergency rooms were refusing to treat patients with emergency conditions when they did not have insurance. EMTALA was not enacted to create a medical malpractice cause of action under federal law. *Correa v. Hospital San Francisco*, 68 F.3d 1184, 1192 (1st Cir. 1995). EMTALA is no substitute for state law medical malpractice *Guadalupe v. Negrón-Agosto*, 299 F.3d 15, 21(1st Cir. 2002)(citing *Barber v. Hosp. Corp. of America*, 977 F.2d 872 at 880 (4th Cir. 1992)). This legislation is not a federal malpractice suit. *Reynolds v. Maine General Health*, 28 F.3d 78, 83 (1st Cir. 2000)(citing *Bryan v. Visitors of the Univ of Va.*,95 F.3d 349,351 (4th Cir. 1996)). EMTALA deals with the problems of patients being turned away (dumped) by emergency rooms without a valid medical reason. *Bryan v. Rectors and Visitors of University of Virginia*, 95 F.3d  at 351. Its purpose is to assure that all patients are treated fairly when they arrive in the emergency room of a participating hospital and that those who need treatment will not be simply turned away. *Reynolds v. Maine General Health*, 28 F.3d at 83; *Barber v. Hospital Corp. of America*, 977 F.2d at 880("The avowed purpose of EMTALA was not to guarantee that all patients are properly diagnosed, or even to ensure that they receive 'adequate care, but instead to provide an adequate first response to a medical crisis' for all patients and 'send a clear signal to the hospital community...that all Americans, regardless of wealth or status, should know that a hospital will provide what services it can when they are truly in medical distress.'"(*quoting* 131 Cong. Rec. S13904 (Oct.23, 1985)(statement of Sen. Durenberger)).  The critical issue is simply that EMTALA does not cover physicians.  Physicians are simply not covered as a "participating hospital".  Further,

---

[6] The Court notes that the objections raised to the R&R by co-defendants Dr. Margarita Pacheco and PESI relates to the reluctance of the Magistrate Judge to dismiss plaintiffs' supplemental claims and moves the Court not to retain pendent party jurisdiction and to dismiss plaintiffs' claims under local state law.

EMTALA defines a "participating hospital" as "a hospital that has entered into a [Medicare] provider agreement under section 1395cc of this title". 42 U.S.C. §1395dd(e)(2). The Court harbors no doubt that there is no cause of action against physicians under EMTALA, *see generally* District Judge Casellas' Opinion in *Lebron v. Ashford Presbyterian Community Hospital*, 995 F.Supp. 241 (D. Puerto Rico 1998)(including compendium of cases). Notwithstanding that the First Circuit Court of Appeals has not solved the controversy, all circuits deciding the issue have handily rejected a cause of action against physicians under EMTALA. See *Eberhardt v.City of Los Angeles*, 62 F.3d 1253 (9th Cir. 1995); *King v. Ahrens*, 16 F.3d 265 (8th Cir. 1994); *Delaney v. Cade*, 986 F.2d 387 (10th Cir. 1993); *Baber v. Hospital Corp. of America*, 977 F.2d 872, 879 (4th Cir. 1992); *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037 (D.C. Cir. 1991). The statute's legislative history makes it clear that, far from intending to allow patients to sue doctors, Congress intentionally limited patients to suits against hospitals. Baber, 977 F.2d at 877.

Therefore, accepting as true all well-pleaded factual averments and indulging all reasonable inferences in the plaintiff's favor, as a trial court must, under a Rule 12(b)(6) standard of review, *Aulson v. Blanchard*, 83 F.3d 1,3 (1st Cir. 1996)(citations omitted); *see also, Berrios v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D. Puerto Rico 1999), the Court deems that plaintiffs' EMTALA claims against Dr. Margarita Pacheco and PESI shall be **DISMISSED WITH PREJUDICE** since EMTALA does not provide a malpractice cause of action against individual physicians.[7]

However, as stated herein, the Court notes that Hospital Metropolitano was authorized to join Dr. Margarita Pacheco and PESI's motion for summary judgment. Notwithstanding, the Court deems that the Statement of Uncontested Facts submitted by Dr. Margarita Pacheco and PESI does not properly covered facts solely applicable to Hospital Metropolitano. In other words, Hospital Metropolitano cannot rely on statements of facts as provided by remaining co-defendants to sustain a dismissal of their related EMTALA liability. An examination of Dr. Margarita Pacheco and PESI's Statement of Uncontested Facts (Docket No. 35-2) shows that the uncontested facts, as alleged, tend

---

[7] The Court does not need to address at this time whether PESI is exempted from liability under EMTALA simply because plaintiffs objections to the Magistrate Judge's R&R asserts that their opposition relies on EMTALA violations by Hospital Metropolitano through its personnel, Dr. Margarita Pacheco. No objection was raised by plaintiffs as to PESI's dismissal for EMTALA violations. However, the Court notes that for purposes of EMTALA, a "participating hospital" is in turn defined as "a hospital that has entered into a [Medicare] provider agreement under section 1395cc of this title". 42 U.S.C. §1395dd(e)(2). Whether PESI, being a corporation managing the pediatric emergency room at co-defendant Hospital Metropolitano, is liable under EMTALA is not an issue raised by plaintiffs in any of their filings hence the Court does see no need to cross the bridge.

to prove that movants were not liable under EMTALA and that plaintiffs' claims against said co-defendants relates to the faulty diagnosis performed by the physicians at Hospital Metropolitano. The Statement of Uncontested Facts as to the Hospital are convoluted with the facts provided by the physicians. These submitted facts are not sufficiently clear for the Court to make a determination as to Hospital Metropolitano's liability under EMTALA. Therefore, the Court grants Hospital Metropolitano, at their discretion, to submit anew a Motion for Summary Judgment relying in a separate Statement of Uncontested Facts submitting facts exclusively relating to its responsibility under EMTALA. However, since the EMTALA claim remains alive, the Court retains **pendent party jurisdiction** over co-defendants Dr. Margarita Pacheco and PESI as to the local law claims made against Dr. Margarita Pacheco, and PESI, until the Court entertains Hospital Metropolitano's dispositive motion.

In the instant case there is no independent separate federal jurisdiction claim over the co-defendants, Dr. Margarita Pacheco and PESI, but there is also no doubt that the state claims against said co-defendants in the instant case "are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy," 28 U.S.C. §1367. As stated in *Alvarez-Torres v. Ryder Memorial*, 308 F.Supp.38, 40-41 (D. Puerto Rico 2004):

> The issue framed under supplemental [party] jurisdiction is the following: "[B]ut suppose there is some additional party in the case against whom the state claim, but not the federal claim, runs. Could pendent or ancillary jurisdiction be used to support the state claim against that party even thought that party was not subject to the federal claim?" This is known as "pendent party jurisdiction." David D. Siegel, Practice Commentary, "The 1990 Adoption of § 1367, codifying "Supplemental" Jurisdiction,28 U.S.C.A. 1367, West Publishing, 1993, p. 829-838.[8]

---

[8] For a full discussion of pendent party jurisdiction, *see Alvarez-Torres v. Ryder Memorial*, 308 F.Supp.38, 40-42 (D.Puerto Rico 2004). Herein the Court explains the 1990 amendment to supplemental jurisdiction statute, recalling by legislation the cases of the Supreme Court of *Finley v. United States*, 490 U.S. 545 (1989), and *Aldinger v. Howard*, 427 U.S. (1976). The Courts merely had stated that Congress potentially could activate pendent party jurisdiction but the same had yet to be legislated. Although certain judicial decision clearly recognized the right. *Ponce Federal Bank v. The Vessel Lady Abby*, 980 F.2d 56, 57-59 (1st Cir. 1992)(Bryer, Chief J.)(The facts of the case occurred prior to the enactment to the amendments.) Further, pendent party jurisdiction has been defined by constitutional commentator Erwin Chemerinski as follows:

> Pendent party jurisdiction is the authority of the federal court to hear claims against additional parties, over which it would not otherwise have jurisdiction because these claims arise from a common nucleus of operative facts ... if [for example] a plaintiff brings federal claims against one defendant and a state law claim, arising from the same set of facts, against a second defendant, may the federal court entertain the same

For the reasons stated herein, the Court hereby **ADOPTS** *in toto* the Magistrate Judge's Report and Recommendation (Docket No. 52) **GRANTS in part** Dr. Margarita M. Pacheco, and Pediatric Emergency Services, Inc. (PESI) *Joint Motion for Summary Judgment* (Docket No. 35) and hereby **DISMISSES** plaintiffs' EMTALA claims against co-defendants Dr. Margarita Pacheco and PESI **WITH PREJUDICE**.  The Court retains **pendent party jurisdiction** as to the local law claims over Dr. Margarita Pacheco and PESI, until the Court determines pending EMTALA liability as to Hospital Metropolitano.  Accordingly, Hospital Metropolitano may submit its motion for summary judgment[9] **within twenty (20) days** from the issuance of this Opinion and Order.[10] Plaintiffs shall file their Opposition **ten (10) days** thereafter.  **Absolutely, any request for an extension of time, shall be SUMMARILY DENIED and shall be deemed by the Court as a waiver of rights.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 27th day of March 2006.

                                         **S/DANIEL R. DOMINGUEZ**
                                         **DANIEL R. DOMINGUEZ**
                                         **U.S. DISTRICT JUDGE**

---

[notwithstanding that the court would not otherwise have jurisdiction over the second defendant]...

Finally, pendent party jurisdiction was legislated with an explicatory memorandum incorporated at 28 U.S.C. §1367 by David D. Seigel concluding that "with the last sentence, *Finley* and *Aldinger* are overruled and pendent pary jurisdictionis allowed but with the big proviso in diversity cases as provided in §1367(b)".  The instant EMTALA liability case is not being entertained under diversity jurisdiction.

[9] The Court expects that should Hospital Metropolitano decide to file a motion for summary judgment, plaintiffs' averments relating to screening, stabilizing, and dumping and/or any other grounds for EMTALA jurisdiction or lack thereof shall be fully addressed.  Furthermore, the Statement of Uncontested Facts to be submitted shall focus in Hospital Metropolitano's defenses as to each claim averred by plaintiffs.  The Court reminds the parties that they must adhere strictly to the maximum number of pages allowed by Local Civil Rule 7.1(e).  **Absolutely, any motion requesting leave to file in excess of the maximum pages length shall be SUMMARILY DENIED.**

[10] The Court will refrain from issuing a partial judgment at this time.  The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals.  See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief.  Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).